ÁNGELA ACEVEDO ET AL., Plaintiffs and Appellees, *v.* COMMONWEALTH OF PUERTO RICO, Defendant and Appellant.

No. R-63-200.    Decided February 23, 1965.

*J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for appellant. *Néstor A. Rodríguez Escudero* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: The Superior Court, Aguadilla Part, entered judgment ordering the Commonwealth of Puerto Rico to pay to minor Eustaquio Rosario Acevedo, the amount of $1,500 for damages and $150 attorney's fees.

774

■ The judgment is erroneous in that it orders the Commonwealth to pay attorney's fees. *Arroyo* v. *Municipality*, 81 P.R.R. 425 (1959), followed in *Commonwealth* v. *Pérez*, 83 P.R.R. 832, 847 (1961).

The trial court concluded that the Commonwealth was negligent in placing an iron pole for holding a traffic signal in the center of the sidewalk in Comercio Street in Aguadilla, against which the minor bumped while walking on said sidewalk.

■ The evidence does not justify the conclusion that said pole was placed in the middle of the sidewalk. A witness for plaintiff, a cabinet maker, used a folding rule to measure the sidewalk and testified that the post holding the sign was placed about 26 to 27 inches from the edge or border of the sidewalk and that the sidewalk was from 60 to 62 inches wide. It is evident that there was a clear space of about three feet through which people could pass without undue risk.

Said post did not constitute an impediment and the parties agree that the Department of Public Works is authorized by law to put up those posts for traffic signals.

What was the cause of the accident? Plaintiff's own evidence establishes that it was due solely to his own carelessness and negligence.

His witness, the cabinet maker, testified that "I saw him (the minor) who came walking, almost running, hurriedly with a letter in his hand. He bumped against one of the signs placed on the sidewalk and fell headlong." Later on he stated: "Well, the boy had a letter in his hand. He seemed to be in a hurry, almost running, almost fast; apparently he did not look at the sign or did not see it and hit it with his head."

The minor stated that he was sixteen and a half years old, and was in his second year of high school. That afternoon he was going to the post office to mail a letter, that

he was walking fast, bumped against the sign, received some bruises and fell unconscious. On cross-examination he testified:

"Q. Sure. Were you walking slowly or running?
A. Walking fast.
Q. Do you wear glasses?
A. No.
Q. Have you ever needed them?
A. No, sir.
Q. Were you looking forward or backward?
A. I was reading the envelope.
Q. So you were not aware of what was ahead of you?
A. No, sir.
Q. So, while reading you were walking fast and reading the letter at the same time?
A. Yes."

The other and last witness of the plaintiff only heard a "hard blow", looked around and saw the boy on the ground.

It is certain that plaintiff did not exercise a normal and reasonable degree of care within the concurring circumstances. *Ramos* v. *Carlo*, 85 P.R.R. 337 (1962); *Davidson* v. *Hettinger*, 62 P.R.R. 286 (1943); *Quiñones* v. *Colom*, 71 P.R.R. 561 (1950). This complaint does not lie.

The judgment appealed from will be reversed and another dismissing the complaint will be entered.